ELIZABETH STOCK v. ST. PAUL CITY RAILWAY COMPANY.

LEWIS STOCK v. ST. PAUL CITY RAILWAY COMPANY.[1]

May 2, 1919.

No. 21,192.

**Verdicts sustained by evidence.**

1. There is evidence to sustain the verdicts.

**Drunken juror — right to object waived.**

2. A party who observes during the course of the trial that a juror is drunk, and who does not at once apply to the court for relief, waives the right to thereafter challenge the verdict on the ground that the juror was not in condition to serve properly.

**New trial because of misconduct of party or attorney.**

3. An alleged misconduct of a party, or his attorney, to influence prospective witnesses in a lawsuit, is not a good ground for a new trial, when it appears that the misconduct was made an issue at the trial and submitted to the jury under proper instructions.

Two actions in the district court for Ramsey county, one by Elizabeth Stock to recover $25,500 for injuries received in a collision between an automobile in which plaintiff was riding and one of defendant's street cars, and for physician's services, and the other by Lewis Stock to recover $6,500 for injuries to himself and automobile in the same accident. The answer to the complaint of Lewis Stock alleged negligence on his part. The cases were tried together before Michael, J., and a jury which returned a verdict in favor of Elizabeth Stock for $3,500 and in favor of Lewis Stock for $767. From an order denying its motion for a new trial in the Elizabeth Stock case and from an order denying its motion for judgment notwithstanding the verdict or for a new trial in the Lewis Stock case, defendant appealed. Affirmed.

*W. D. Dwyer* and *C. D. O'Brien,* for appellant.

*Wickersham & Metcalf,* for respondents.

HOLT, J.

The actions were brought because of a collision between a street car

1Reported in 172 N. W. 122.

of defendant and an automobile owned and driven by Lewis Stock, and in which his wife, Elizabeth Stock, was one of the occupants. There was a joint trial; the verdict in Lewis Stock's case being for $767 and in Elizabeth Stock's for $3,500. There was a motion for judgment non obstante veredicto or a new trial in the husband's case, and a motion for a new trial in the wife's. Both motions were denied and defendant appeals.

The only error assigned on the appeal affecting the verdict of Lewis, is the refusal to direct a verdict in defendant's favor and to grant judgment notwithstanding the verdict. Technically the assignment of errors in the other case is insufficient, but since it states that the court "erred in denying appellant's motion for a new trial in the case of Elizabeth Stock, upon the grounds stated in said motion," we will consider each ground there stated as an assignment of error in this court, insofar as the same is discussed in the brief. There was no oral argument.

The complaints are framed so as to charge both ordinary negligence and wanton or wilful negligence. The claim of Lewis Stock was that late in the evening of January 25, 1916, he was returning to St. Paul from South St. Paul in his automobile. He was driving, his wife was by his side, and three other ladies occupied the rear seat. As he came to a place where the tracks of the defendant leave its private right of way and are laid in the highway, there called Concord street, he endeavored to cross the tracks to the right as he saw a light approaching some distance ahead, and which he, at first, supposed to be that of an automobile having but one light burning. At about that time his car stalled, the engine stopping. Before he could start it again a street car of defendant, running toward South St. Paul, struck him and caused the injury to himself and wife and the damage to the car. The testimony of Lewis Stock and his companions made it a fair question for the jury whether the motoneer did not have ample time to have stopped the street car, after he discovered the predicament in which the automobile and its occupants were, had he used ordinary care. The jury were not compelled to accept the testimony of the street car operator and a boy passenger that the automobile drove up right in front of the street car and was thus unavoidably hit. If the jury accepted the version of the witnesses who testified that the automobile became stalled upon the street

car track so long before it was struck that the motoneer in the exercise of due care was bound to see it in time and avoid a collision, the defense of contributory negligence fails as to Lewis Stock, and, of course, also as to his wife. There is no escape from the conclusion that the verdicts are sufficiently sustained by the evidence as against an attack made in this court.

In the Elizabeth Stock case one ground for a new trial is that a juror was drunk the two last days of the trial. The two attorneys for defendant make affidavit to the fact that they observed his condition both days, but they evidently thought his intoxication not unfavorable to their clients' interest until the verdicts were returned, for there is no claim that they in any manner intimated to the court that they were not satisfied with the juror, even though he asked some silly questions and at other times slept. The only thing done was to call the deputy sheriff's attention thereto, for the evident purpose of fortifying themselves with evidence on which to base a motion for a new trial, should the verdicts be adverse. Parties may not thus speculate upon results from unfitness of a juror. Upon defendant's own showing the juror's intoxication presented no meritorious ground for a new trial, under the rule of State v. Salverson, 87 Minn. 40, 91 N. W. 1.

Another ground upon which a new trial was asked in the case of Elizabeth Stock was "because of misconduct upon the part of the prevailing party." In the brief of defendant this misconduct was charged against one of plaintiffs' attorneys. The only foundation for the claim is this: Defendant called the motoneer and his wife as its witnesses, and drew from them the fact that they had been called to the office of plaintiffs' lawyers, where the motoneer was minutely questioned regarding the circumstances of the collision, and that, in the course of the talk, the attorney asked the motoneer whether he couldn't say that he was shaking the stove, or putting in coal, when the collision occurred, or whether he couldn't say that the automobile was stopped on the track. The attorney, and his stenographer, who was present and took down the statements of the motoneer, testified in rebuttal that no suggestions of the sort were made. The court directed the jury to determine whether there was any truth in the charge that plaintiffs' attorney attempted to wrongfully influence one likely to become an important witness in contem-

plated lawsuits, and instructed them that, if they found the charge true, they would be justified in indulging the inference that the parties so seeking to wrongfully influence or fabricate testimony, recognized that they had an unjust cause, but also stated that the inference was not conclusive. No exception was taken to the charge upon the subject, nor could there well be. Whatever there was to the charge was placed before the jury, and under proper instructions it was submitted for such influence upon the verdicts as the jury found it entitled to. That ought to end the matter, so far as the verdicts are concerned.

The excessiveness of Elizabeth Stock's verdict is not argued in the brief.

Order affirmed.

On June 6, 1919, the following opinion was filed:

PER CURIAM.

This cause was submitted on the briefs, counsel for defendant not having been notified of the date set for the argument made no appearance, counsel for plaintiff appeared, but made no oral argument. The questions presented were fully considered by the court, and discovering no error in the points made by defendant, an affirmance was ordered. A re-examination of the record confirms that conclusion. An oral argument at this time would, therefore, serve no useful purpose, and defendant's application therefor, based on the failure of the clerk to notify counsel of the date set for the submission of the cause, is denied.